IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CV-41-FL

| | |
|---|---|
| MATHEW S. PETERIK, MATTHEW E. POWELL, and JOSEPH BUONI III, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, RAYMOND E. MABUS, in his official capacity as Secretary of the Navy, and DEPARTMENT OF THE NAVY, <br><br> Defendants. | **MEMORANDUM & RECOMMENDATION** |

This case is before the court on Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [DE #11]. Plaintiffs have responded, and Defendants have replied. Where this matter has been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, Defendants' motion is undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for memorandum and recommendation. For the reasons stated below, it is recommended that Defendants' motion to dismiss be granted.

BACKGROUND

Plaintiff Mathew S. Peterik ("Peterik"), aged forty-eight when the complaint was filed, was employed for approximately ten years by Defendants as a civilian

police officer in the Marine Corps Police Department at Camp Lejeune, North Carolina. (Compl. [DE #2] ¶ 8.) Plaintiff Matthew E. Powell ("Powell") was employed[1] for approximately three years by Defendants as a civilian police officer in the Marine Corps Police Department at Camp Lejeune, North Carolina. (Compl. [DE #2] ¶ 9.) Plaintiff Joseph Buoni, III ("Buoni") has been employed by Defendants for approximately three years as a civilian police officer in the Marine Corps Police Department at Camp Lejeune, North Carolina. (Compl. [DE #2] ¶ 10.)

I. Peterik

On or about September 9, 2015, Peterik engaged in whistleblowing activity by making a report to Defendants' Inspector General. (Compl. [DE #2] ¶ 27.) On September 25, 2015, Peterik was served a notice of proposed removal from his employment. Among other things, the notice outlined his options for appealing the removal decision and stated—in bold type—that he could "choose only one method [of appeal], and the one you choose first is considered your binding election." (Defs.' Mem. Supp. Mot. Dismiss [DE #12] Ex. 8.) Since receipt of the removal notice, Peterik has, at various times, followed three separate channels of administrative review to challenge his removal.

On October 9, 2015, Peterik filed an appeal with the Merit Systems Protection Board ("MSPB"). (Defs.' Mem. Supp. Mot. Dismiss [DE #12] Ex. 1.) His MSPB appeal alleged that "[t]he agency's actions were excessive" and that "corrective action would

---

[1] Powell's employment status is uncertain as the complaint states that he "is/was employed by defendants." (Compl. [DE #2] ¶ 9.)

have been appropriate." He did not assert that his termination was the result of unlawful discrimination or retaliation. *Id.*

On October 16, 2015, Peterik met with an Equal Employment Opportunity ("EEO") counselor for the first time. (Pls.' Resp. Opp'n Defs.' Mot. Dismiss [DE #15] Ex. A-3.) On October 27, 2015, Peterik signed a complaint to submit to the Office of Special Counsel ("OSC"). (Pls.' Resp. Opp'n Defs.' Mot. Dismiss [DE #15] Ex. A-5.) On November 13, 2015, Peterik had his final interview with the EEO counselor. (Pls.' Resp. Opp'n Defs.' Mot. Dismiss [DE #15] Ex. A-3.) On November 19, 2015, Peterik withdrew his MSPB appeal. (Defs.' Mem. Supp. Mot. Dismiss [DE #12] Ex. 9.)

On November 25, 2015, Peterik filed a complaint with the Department of the Navy's Equal Employment Opportunity Office ("EEOO"). (Compl. [DE #2] ¶ 22; Pls.' Resp. Opp'n Defs.' Mot. Dismiss [DE #15] Ex. A-3.) On December 4, 2015, Administrative Judge Nicole DeCrescenzo dismissed Peterik's MSPB appeal pursuant to his withdrawal request and informed Peterik of the methods for obtaining review of the dismissal order. (Defs.' Mem. Supp. Mot. Dismiss [DE #12] Ex. 10.) On December 14, 2015, the EEOO sent Peterik a letter informing him that his complaint had been dismissed and that he could appeal the decision to the Equal Employment Opportunity Commission or file a civil action in federal district court. (Compl. [DE #2] Ex. B.)

On March 10, 2016, Peterik filed the present complaint in federal district court alleging unlawful discrimination based on age and in retaliation for having engaged in whistleblowing activity. (Compl. [DE #2] ¶¶ 4-5.)

3

## II. Powell

On or about September 9, 2015, Powell engaged in whistleblowing activity by making a report to Defendants' Inspector General. (Compl. [DE #2] ¶ 27.) Powell alleges that Defendants unlawfully retaliated against him for engaging in protected activity by, among other things, investigating him without cause and by reassigning him to tasks associated with limited wages. (Compl. [DE #2] ¶ 29.) On October 21, 2015, Powell signed a complaint to be filed with the OSC alleging retaliation for whistleblowing. (Pls.' Resp. Opp'n Mot. Dismiss [DE #15] Ex. B-1.) Powell filed the present complaint on March 10, 2016, alleging unlawful retaliation for whistleblowing activity.

## III. Buoni

On or about September 9, 2015, Buoni engaged in whistleblowing activity by making a report to Defendants' Inspector General. (Compl. [DE #2] ¶ 27.) Buoni alleges that Defendants unlawfully retaliated against this activity by, among other things, denying him opportunities for promotion and raises, and by reassigning him to undesirable work shifts. (Compl. [DE #2] ¶ 29.) On October 28, 2015, Buoni signed a complaint to be filed with the OSC alleging retaliation for whistleblowing. (Pls.' Resp. Opp'n Mot. Dismiss [DE #15] Ex. C-1.) Buoni filed the present complaint on March 10, 2016, alleging unlawful retaliation for whistleblowing activity.

DISCUSSION

I. Motion to Dismiss

    A. Standard of Review
       1. 12(b)(1) Motion

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges subject matter jurisdiction. The plaintiff bears the burden to establish subject matter jurisdiction. "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). If the material jurisdictional facts are not in dispute, and the moving party is entitled to judgment as a matter of law, then the court should grant the Rule 12(b)(1) motion to dismiss. *See id.*

    B. Peterik's Age Discrimination Claim

Peterik contends he was unlawfully discriminated against based on age. As a federal employee who was removed from his employment, Peterik could have elected to raise his age discrimination claim in an EEO "mixed case complaint" or a "mixed case appeal" with the MSPB. *See* 5 U.S.C. §§ 7512(1), 7513(d), 7701(a), 7702(a)(1)(A)-(B) (MSPB permitted to hear appeal from employee who has been removed and permitted to address related discrimination issues); 29 C.F.R. § 1614.302 (defining mixed case complaints and appeals and outlining procedures). Peterik could elect to challenge his removal through only one, not both of these procedures. 29 C.F.R. § 1614.302(b) ("An aggrieved person may initially file a mixed case complaint with an

5

agency pursuant to this part or an appeal on the same matter with the MSPB . . . but not both."). This election is binding, and the administrative process of the forum selected must be exhausted prior to initiating suit in federal court. *Stoll v. Principi*, 449 F.3d 263, 266 (1st Cir. 2006) ("The lodging of either a formal appeal with [MSPB] or a formal [EEO] complaint with the agency demarcates the point of no return. From that point forward, the complainant must exhaust her claim in the chosen forum." (citation omitted)); *see also Tubby v. Donahue*, No. 1:13-CV-363, 2015 WL 413787, at *6 (M.D.N.C. Jan. 30, 2015).

Peterik contends (1) that he has satisfied the exhaustion requirement because he filed an EEO complaint and received a right-to-sue letter; or, in the alternative, (2) that the exhaustion requirement should be waived because continuing to pursue administrative remedies would be futile and inadequate. (Pls.' Mem. Contra Defs.' Mot. Dismiss [DE #15] at 20-23.)

The December 14, 2015, EEO letter informed Peterik that his EEO complaint was being dismissed because he had previously elected to pursue his claim through an MSPB appeal; that he could appeal the EEO dismissal by filing a notice of appeal within thirty days; and that he could file a civil action in federal district within ninety days if he did not wish to appeal the EEO dismissal. (Compl. [DE #2] Ex. B.)

Peterik argues that his receipt of this right-to-sue letter conferred his right to bring this lawsuit in federal district court. *See E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d 145, 148, n.2 (4th Cir. 2014) ("The EEOC's issuance of a "right to sue" letter

6

allows an individual to initiate a private Title VII lawsuit in federal court.") (citing *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138 (4th Cir. 1994)).

This argument, however, misconstrues the nature of the administrative exhaustion requirement as applied to federal employee grievances and the import of right-to-sue letters. Administrative exhaustion does not confer subject matter jurisdiction in a federal lawsuit. It is a precondition that a plaintiff must satisfy in order to bring such a lawsuit, *see Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976)), and a plaintiff's failure "to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim," *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

Receipt of a right-to-sue letter does not obviate the administrative exhaustion requirement that must be met in order to establish subject matter jurisdiction. *See Howland v. U.S. Postal Serv.*, 209 F. Supp. 2d 586 (W.D.N.C. 2002) (dismissing lawsuit for failure to exhaust administrative remedies where plaintiff filed and withdrew an appeal to MSPB, and then subsequently filed an EEO complaint that was ultimately dismissed for previous election of remedies, *i.e.* MSPB appeal).

The facts of this case are strikingly similar to those in *Howland*. There, a federal employee alleged receipt of a right-to-sue letter and subsequently filed suit in federal district court. Compl., *Howland v. U.S. Postal Serv.*, 209 F. Supp. 2d 586 (No. 1:01CV294), ECF No. 3. However, the plaintiff had previously withdrawn his mixed case appeal to the MSPB, and then filed an EEO mixed case complaint after this withdrawal. The court dismissed the plaintiff's claim for lack of subject matter

7

jurisdiction because "'[he] abandoned [his] . . . claims before the MSPB'" and "'cannot now assert them in a separate civil action.'" *Howland*, 209 F. Supp. 2d at 590 (second alteration in original) (quoting *McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995)).

Peterik has chosen an identical route to challenging his removal as the plaintiff attempted in *Howland*. He cannot avail himself of multiple administrative remedies and then seek redress in federal court when he fails to pursue the administrative review processes to conclusion. Thus, his claims should be dismissed for failure to exhaust his administrative remedies.

Moreover, Peterik's argument that the administrative remedies available to him—MSPB appeal or EEO complaint—are futile and inadequate has no weight. Peterik withdrew his MSPB appeal before it could be reviewed by an Administrative Judge (Defs.' Mem. Supp. Mot. Dismiss [DE #12] Ex. 10), and his EEO complaint was dismissed by the Navy because he had previously elected to challenge his removal through the MSPB appeal (Compl. [DE #2] Ex. B). He never afforded the administrative review process of either agency the opportunity to consider his claims, nor has he shown that resort to the administrative process could provide him no relief. Therefore, he cannot complain that their processes are futile and the potential remedies inadequate.

### C. Whistleblowing Claims of Peterik, Powell, and Buoni

Plaintiffs assert claims under the Whistleblower Protection Act. Peterik alleges he was terminated in retaliation for whistleblowing activity. Powell alleges he was investigated without cause and reassigned to tasks associated with lower

8

wages in retaliation for whistleblowing activity. Buoni claims he was denied promotion opportunities and was reassigned to undesirable work shifts in retaliation for his whistleblowing activity. Defendants contend their claims are subject to dismissal because they failed to exhaust their administrative remedies.

A federal employee may file a direct appeal to the MSPB for unlawful retaliation only in limited circumstances. 5 U.S.C. §§ 7512(1)-(5), 7513(d) (personnel actions that entitle an employee to a direct appeal to the MSPB are limited to removal, suspension for more than fourteen days, reduction in grade, reduction in pay, and furlough of thirty days or less). Otherwise, a federal employee must file a complaint with the OSC. 5 U.S.C. § 1214, 1221. If the employee is dissatisfied with the OSC's determination of the matter, then the employee may appeal to the MSPB. *Id*. Judicial review is only available after the MSPB has issued a final order. 5 U.S.C. § 7703(a)(1). The petition for judicial review "shall be filed in the United States Court of Appeals for the Federal Circuit" within sixty days after the MSPB's final decision. 5 U.S.C. § 7703(b)(1)(A). *See generally Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002) (summarizing whistleblower administrative procedure for federal employees). Employees that properly file a direct appeal to the MSPB including their whistleblowing claim, *i.e.* a mixed case appeal, may petition for judicial review in any district court after the MSPB has issued a final order. *Stella*, 284 F.3d at 143. "Under no circumstances does the [Whistleblower Protection Act] grant [a] District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella*, 284 F.3d at 142. Importantly, "[d]ismissal of a

9

[whistleblower] claim is appropriate when a plaintiff fails to exhaust his or her administrative remedies." *Harris v. Evans*, 66 Fed. App'x 465, 466-67 (4th Cir. 2003) (per curiam) (citing *McKinney v. Reich*, 1996 WL 498187 (S.D.W. Va. Mar. 25, 1996)).

Peterik was entitled to file a mixed case appeal involving his whistleblower claim to the MSPB because he was terminated from his employment. Alternatively, Peterik could have filed a complaint with the OSC alleging unlawful retaliation for whistleblowing. He did not raise the retaliation claim in his appeal to the MSPB filed on October 9, 2015. (Defs.' Mem. Supp. Mot. Dismiss [DE #12] Ex. 1.) He signed a complaint alleging unlawful retaliation for whistleblowing to be submitted to the OSC on October 27, 2015. (Pls.' Resp. Opp'n Mot. Dismiss [DE #15] Ex. A-5.) However, there is no evidence that the OSC received this complaint or made a determination regarding the complaint, much less that Peterik appealed the OSC's determination to the MSPB prior to filing this action. Peterik's evidence, coupled with his conclusory statement that he has exhausted administrative remedies (Pls.' Resp. Opp'n Mot. Dismiss [DE #15] Ex. A ¶ 5), is insufficient to meet his burden of demonstrating jurisdiction. *See Degenhard v. United States*, No. 5:13-CV-685-BR, 2015 WL 632211, at *1 (E.D.N.C. Feb. 13, 2015) ("In response to a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate.") (citing *Evans*, 166 F.3d at 647). Because Peterik has not shown that he exhausted the administrative remedies available to him regarding his whistleblowing claim, his claim should be dismissed for lack of subject matter jurisdiction. *See Stella*, 284 F.3d at 142; *Harris*, 66 Fed. App'x at 466-67.

Neither Powell nor Buoni alleges he was subject to an adverse personnel action that would have entitled him to file an appeal directly with MSPB rather than first filing a complaint with the OSC. Both state they submitted complaints to the OSC but neither has alleged, or come forward in response to Defendants' motion with any evidence demonstrating, that either Powell or Buoni followed the prescribed administrative process for pursuing his whistleblower claims by appealing the OSC determination to the MSPB. They merely state that they exhausted their administrative remedies. (Pls.' Resp. Opp'n Mot. Dismiss [DE #15] Ex. B ¶ 4, Ex. C ¶ 4.) These unsupported, conclusory allegations are insufficient to meet their burden of demonstrating jurisdiction. *See Degenhard*, 2015 WL 632211, at *1. Because they have not shown they exhausted the administrative remedies available to them, their claims are subject to dismissal for lack of subject matter jurisdiction. *See Stella*, 284 F.3d at 142; *Harris*, 66 Fed. App'x at 466-67.

Moreover, Plaintiffs' argument that the exhaustion requirement should be waived as to their whistleblower claims is without merit. Even assuming the court has the authority to waive the jurisdictional prerequisite, such relief would not be warranted. None of them have demonstrated anything more than an initial complaint filed with the OSC.[2] They have not alleged any facts from which the court could reasonably conclude that they diligently pursued their administrative remedies

---

[2] It is not clear from the pleadings whether the OSC received the complaints, or what determination, if any, was made by the OSC. This is notable given that the OSC must issue a receipt of complaint within fifteen days, 5 U.S.C. § 1214(a)(1)(B), and must notify the aggrieved employee within ninety days of the status of the investigation, 5 U.S.C. § 1214(a)(1)(C)(i).

11

but were impeded in their efforts, that resort to the administrative remedies would provide them no relief, or that there is anything extraordinary about the circumstances in which they find themselves. Accordingly, their claims should be dismissed for failure to exhaust their administrative remedies.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendants' motion to dismiss [DE #11] be GRANTED and that Plaintiffs' claims be DISMISSED for failure to exhaust their administrative remedies.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **February 8, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the

Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 25th day of January 2017.

KIMBERLY A. SWANK
United States Magistrate Judge