IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-41-FL

| | |
|---|---|
| MATHEW S. PETERIK; MATTHEW E. POWELL; and JOSEPH BUONI, III, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ORDER |
| UNITED STATES OF AMERICA; RAYMOND E. MABUS Secretary of the Navy; and DEPARTMENT OF THE NAVY, MARINE CORPS POLICE DEPARTMENT, | ) ) ) ) ) ) |
| Defendants. | ) |

This matter comes before the court on defendants' motion to dismiss for lack of subject matter jurisdiction (DE 11). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R") (DE 20), wherein it is recommended that the court grant defendants' motion and dismiss the case for lack of subject matter jurisdiction. Plaintiffs timely filed objections to the M&R and defendants responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiffs filed complaint on March 10, 2016, asserting 1) age discrimination and whistleblower claims on behalf of plaintiff Mathew S. Peterik ("Peterik"), on the basis of alleged wrongful termination from his position as a police officer / accident investigator in the Marine Corps Police Department at Camp Lejeune, North Carolina, and imposition of additional adverse

employment conditions; and 2) whistleblower claims on behalf of plaintiffs Mattew E. Powell ("Powell") and Joseph Buoni, III ("Buoni"), on the basis of imposition of adverse employment conditions against them. Plaintiffs contend that they were subjected to such wrongful termination and adverse employment conditions after they engaged in protected whistleblower activity by reporting matters of public concern, which they summarize as follows:

> A. Official reports are grossly inflated by MCPD [Marine Corps Police Department] to obtain additional federal funding. For example, from 2014 to the present the MCPD required its officers to expend time and resources completing written incident reports for minor calls for service for the sole purpose of generating revenue, at great cost and expense for taxpayers;
>
> B. MCPD has withheld employees' medical documentation, mishandled workers' compensation claims, refused to pay legitimately earned overtime, doctored time sheets to cheat employees, attempted to coerce Union officers, and used management powers to pursue personal vendettas against employees, including but not limited to mismanagement, manipulation and abuse of time sheets and related protocols through falsification or forgery, giving overtime pay to supervisors who are ineligible to receive it and awarding bonuses based upon friendship rather than merit;
>
> C. MCPD officials use unwarranted investigations and suspensions or transfers of employees who speak out against ongoing corruption, abuse of power, negligence and poor management as punishment to deter those employees from speaking out; and
>
> D. The investigations, aforesaid, are based upon fabricated or marginal facts and circumstances and are conducted by unqualified individuals with questionable and/or criminal backgrounds; further, the names of the employees being investigated are publicly displayed as further punishment against them.

(Compl. ¶ 28). As pertinent to the instant motion, plaintiffs sought administrative recourse for their discrimination and whistleblower claims through several avenues before filing suit in this court. The court adopts and incorporates herein as its own the summary of administrative action as set forth in the M&R (DE 20 at 2-4), supplemented by further discussion in the analysis below.

Defendants filed the instant motion to dismiss on May 19, 2016, asserting that the court lacks subject matter jurisdiction over plaintiffs' claims because plaintiffs failed to exhaust their administrative remedies prior to commencing the instant lawsuit. In support of their motion, defendants attach documents outside of the pleadings, including forms and records from plaintiffs' administrative proceedings, including appeal before the Merit Systems Protection Board ("MSPB"). (See DE 12-1 to 12-19). In opposition to the motion, plaintiffs rely upon their own affidavits, as well as additional records from plaintiff's administrative proceedings, including those before the United States Marine Corps Equal Employment Opportunity Office ("EEOO") and the United States Office of Special Counsel ("OSC"). (See DE 2-1 to 2-2; DE 15-1 to 15-8; DE 21-1 to 21-3).

## DISCUSSION

A.  Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of a motion to dismiss]." 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction, and a plaintiff bears the burden of showing that subject matter jurisdiction is appropriate when challenged by a defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. When the defendant challenges the factual predicate of subject matter jurisdiction, as here, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.   Analysis

Plaintiffs raise objections regarding the magistrate judge's statement of facts and determination regarding plaintiffs' lack of exhaustion of claims in this action. In doing so, plaintiffs repeat arguments raised in their response to defendants' motion to dismiss. Upon de novo review of the M&R and the record in this case, the court finds that the M&R thoroughly and cogently addresses the issues raised by defendants' motion. Therefore, the court adopts and incorporates herein the analysis in the M&R as its own. The court writes additionally to amplify the determinations made in the M&R.

1.  Plaintiff Peterik

Defendants seek dismissal of plaintiff Peterik's claims on the basis that he failed to exhaust administrative remedies. "The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., establishes a framework for evaluating personnel actions taken against federal employees." Kloeckner v. Solis, 133 S. Ct. 596, 600-01 (2012). "Actions that can be appealed to the MSPB include, inter alia, removal from federal service, including retaliatory termination for protected whistle-blower activity." Bonds v. Leavitt, 629 F.3d 369, 378 (4th Cir. 2011) (citing 5 U.S.C. § 1214(a)(3); 5 U.S.C. § 7512). The CSRA also provides for "the adjudication of 'mixed case complaints,' meaning complaints alleging 'employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the' MSPB." Id. (quoting 29 C.F.R. § 1614.302(a)(1)).

"A federal employee bringing a mixed case . . . may first file a discrimination complaint with the agency itself, much as an employee challenging a personnel practice not appealable to the MSPB could do." Kloeckner, 133 S. Ct. at 601. "If the agency decides against [him], the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court." Id. "Alternatively, the employee may initiate the process by bringing [his] case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges." Id. "If the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: [he] may request additional administrative process, this time with the EEOC, or else [he] may seek judicial review." Id.

A third administrative pathway is available for employees complaining of less serious specified agency actions in response to whistleblower activity, by pursuing a claim with the OSC, followed by an appeal to the MSPB. See 5 U.S.C. § 1214(a)(3); see also Stella v. Mineta, 284 F.3d 135, 142 (D.C. Cir. 2002). In such instance, judicial review is available only in the Court of Appeals for the Federal Circuit after the employee obtains a final decision from the MSPB. See 5 U.S.C. § 7703; Stella, 284 F.3d at 142; Hooven-Lewis v. Caldera, 249 F.3d 259, 266 (4th Cir. 2001).

With respect to all three administrative pathways, including in cases of serious employment actions reviewable as part of a "mixed case complaint," a plaintiff must proceed through completion of the first chosen administrative framework prior to seeking judicial review. See Kloeckner, 133 S. Ct. at 601. The employee "may not initially file both a mixed case complaint and an appeal on the same matter" and "whichever is filed first shall be considered an election to proceed in that forum." 29 C.F.R. § 1614.302(b); see Stoll v. Principi, 449 F.3d 263, 265–66 (1st Cir. 2006) ("The lodging of either a formal appeal with the Board or a formal complaint with the agency demarcates the point of no return."); Economou v. Caldera, 286 F.3d 144, 149 (2d Cir.2002) (same); Leak v. Runyon, No. 95-1392, 1996 WL 386609 *1 (4th Cir. July 11, 1996) (noting agency must notify employee of right to "file either a mixed case complaint with the [agency's] EEO office or a mixed case appeal with the Merit System Protection Board (MSPB)," under 29 C.F.R. § 1614.302(b)) (emphasis added).

In this case, upon his termination, plaintiff Peterik was notified of the three above-described options for administrative review of the decision, and that he "may choose only one method, and the one [he chooses] first is considered [his] binding election." (DE 12-8 at 4-8). Plaintiff Peterik

6

elected to submit first, on October 9, 2015, an appeal directly to the MSPB. (DE 12-2 at 2-4). He then moved on November 19, 2015, to withdraw his appeal to MSPB, and the MSPB dismissed the appeal on that basis on December 4, 2015. (DE 12-10; DE 12-11). In the meantime, plaintiff Peterik pursued instead complaints with the OSC and EEOO, on October 27, 2015, and November 25, 2015. (DE 15-3 at 5; DE 15-1 ¶14; DE 21-1; DE 15-1 ¶35). In this manner, plaintiff Peterik did not exhaust his elected administrative remedy by completing his MSPB appeal, nor did he seek judicial review of the MSPB decision dismissing his appeal. Accordingly, plaintiff Peterik's claims in the instant case, challenging his termination and adverse employment actions following alleged whistleblower activity, must be dismissed for failure to exhaust administrative remedies.

Plaintiff Peterik argues nonetheless that the EEOO decision satisfies the exhaustion requirement on his discrimination claim, and the OSC decision satisfies the exhaustion requirement on his whistleblower claim. As noted above, however, a plaintiff must proceed through completion of the first chosen administrative framework prior to seeking judicial review. See Kloeckner, 133 S. Ct. at 601; Stoll, 449 F.3d at 255-56; 29 C.F.R. § 1614.302(b). Plaintiff's failure to do so is fatal to judicial review of claims. See id. Indeed, the EEOO itself dismissed plaintiff Peterik's EEOO complaint, without making a determination on the merits, because he had first filed then dismissed an MSPB appeal. (See DE 15-3). Similarly, without appeal first to the MSPB, the OSC decision in itself does not serve as exhaustion of administrative remedies. See 5 U.S.C. § 1214(a)(3). In sum, plaintiff Peterik was required to proceed through an appeal with the MSPB in order to exhaust his administrative remedies.

7

Case 7:16-cv-00041-FL   Document 24   Filed 03/24/17   Page 7 of 10

Plaintiff Peterik next argues that administrative remedies were futile and inadequate, as an exception to the exhaustion requirement. Futility excuses a plaintiff from an administrative exhaustion requirement "where the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736 (2001). Similarly, exhaustion may be excused where "an administrative remedy may be inadequate because of some doubt as to whether the agency was empowered to grant effective relief." McCarthy v. Madigan, 503 U.S. 140, 147 (1992). Or, "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." Id. at 148.

Plaintiff Peterik has not established that any of these exhaustion exceptions apply to his claims in this case. Plaintiff Peterik asserts, for example, that the OSC "violat[ed] administrative procedures" by making his whistleblower complaint information public. (DE 21 at 16). This assertion as to OSC, however, provides no basis for excusing his failure to complete his appeal with MSPB, nor does such a procedural failure show that either agency was "biased" or "otherwise predetermined the issue before it," in the form of the merits of plaintiff Peterik's claims. McCarthy, 503 U.S. at 147.

Plaintiff Peterik also asserts that "it was impossible for the plaintiffs to know, much less understand and pursue the alleged policies in place to protect their legal rights," (DE 21 at 16), and that a union official gave him erroneous advice and no assistance (id. at 17-18). As an initial matter, however, plaintiff Peterik correctly was informed upon termination in detail of his administrative rights and obligations. (DE 12-8 at 4-8). In any event, even assuming plaintiff misunderstood his

8

administrative rights and obligations despite such information, such asserted lack of knowlege of legal rights does not demonstrate that the MSPB was unauthorized or unable to provide all the relief that plaintiff Peterik sought. See Booth, 532 U.S. at 736.

In sum, plaintiff Peterik has failed to demonstrate an exception to the exhaustion requirement, and his claims thus must be dismissed for lack of subject matter jurisdiction.

2.  Plaintiffs Powell and Buoni

Defendants move to dismiss claims against plaintiffs Powell and Buoni on the basis that they failed to exhaust administrative remedies and have not sought judicial review in any event in the correct court. Plaintiffs Powell and Buoni filed whistleblower complaints with OSC, which closed its investigation per letters dated January 15, 2016. (See DE 21-2, 21-3). Because plaintiffs Powell and Buoni claimed adverse employment action less serious than termination or reduction in grade or pay, they were required to pursue administrative remedies through OSC directly. See Kloeckner, 133 S. Ct. at 600. Upon conclusion of OSC investigation, to fully exhaust in advance of judicial review, they were required to file an appeal to the MSPB. See 5 U.S.C. § 1214(a)(3). Judicial review then is available only in the Court of Appeals for the Federal Circuit after the employee obtains a final decision from the MSPB. See 5 U.S.C. § 7703.

Here the court lacks subject matter jurisdiction over whistleblower claims of plaintiffs Powell and Buoni because they failed to exhaust administrative remedies by obtaining a final decision on appeal to the MSPB. In any event, this court lacks jurisdiction over their claims because judicial review is only available in the Federal Circuit. While plaintiffs Powell and Buoni assert

9

exception to the exhaustion requirement on the basis of inadequacy and futility, those arguments fail for the same reasons as plaintiff Peterik's arguments.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (DE 11) is GRANTED. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge